RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
ALEXANDRIA, LOUISIANA
DATE 5/5/11
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WARREN RANGE<br>LA.DOC #102737 | CIVIL ACTION NO. 11-cv-267 |
| VERSUS | JUDGE DEE D. DRELL |
| ROBERT EWING, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se plaintiff Warren Range, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 16, 2011. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, and he is incarcerated at the Avoyelles Correctional Center (AVC), Cottonport, Louisiana. He complains that he lost various privileges as the result of a false disciplinary conviction. He sues Col. Robert Ewing, Asst. Warden James Longino, and Warden Lynn Cooper.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief can be granted.

### Background

Plaintiff alleges that he received a disciplinary report for violating Rule 30-W (general prohibited behavior) of the

disciplinary rules. According to the report, on December 22, 2010, security received an anonymous letter containing information about a planned escape and homemade weapons. After investigation, it was determined that Petitioner wrote the letter in question. Petitioner was ultimately convicted of the disciplinary violation, and was penalized eight (8) weeks of telephone privileges, a change in custody status from medium to maximum, and placement in the working cell block (which resulted in the loss of all rights and privileges enjoyed by honor status offenders). He also lost the privilege of having his hobby box, which contained all of his leather accessories, materials, and tools that he had accumulated during the thirty years of his incarceration. Because Plaintiff had no one to whom he could mail the hobby box and materials, the items were discarded.

### *Law and Analysis*

#### *1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C. §1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C.

1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. Booker v. Koonce, 2 F.3d 114, 115 (5th Cir.1993); Denton v. Hernandez, 504 U.S. 25 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations of the complaint. Of course, in making this determination, the court must assume that all of the plaintiff's factual allegations are true. Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998). A hearing need not be conducted for every *pro se* complaint. Wilson v. Barrientos, 926 F.2d 480, 483 n. 4 (5th Cir.1991).

## 2. Loss of Privileges and Honor Status

Plaintiff complains that he lost eight (8) weeks of telephone privileges, had a change in custody status from medium to maximum, and was placed in the working cell block (which resulted in the loss of all rights and privileges enjoyed by honor status offenders). He claims that he was deprived of these liberty interests in violation of the due process clause of the Fourteenth Amendment. "The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin v. Conner, 515 U.S. 472, 478 (1995). The federal jurisprudence holds that, while the states may

under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin, 515 U.S. at 484.

In other words, when a prisoner is lawfully incarcerated, he loses by virtue of his confinement, many of the rights and privileges that most citizens enjoy. See Madison v. Parker, 104 F.3d 765, 767 (5th Cir. 1997). Thus, "... mere[ ] changes in the conditions of [ ] confinement ... do not implicate due process concerns." See Madison, 104 F.3d at 768; see also Harper v. Showers, 174 F.3d 716, 718 (5th Cir.1999) ("Inmates have no protectable property or liberty interest in custodial classifications.").

Plaintiff lost no good time credits as a result of the allegedly defective disciplinary proceedings and therefore plaintiff's change in status and loss of privileges did not amount to an "atypical" hardship. See Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995); Meachum v. Fano, 427 U.S. 215, 228 (1976).

### 3. *Loss of Property*

Plaintiff also complains that he lost his personal "hobby" items. As a prison inmate, Thornton has no legally protected interest in the possession of personal property as a general matter. In that respect, it is well settled that prison officials

4

may impose reasonable restrictions on the type and amount of personal property that inmates are allowed to possess while in prison. See McRae v. Hankins, 720 F.2d 863, 869 (5th Cir. 1983) (citing Sullivan v. Ford, 609 F.2d 197 (5th Cir. 1980)); Long v. Collins, 917 F.2d 3, 4 (5th Cir. 1990). To the extent that prisoners have a right to possess personal belongings, the deprivation of property implicates the Constitution only if such deprivation is accomplished without due process. See Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327 (1986). When deprivation of property is occasioned by an official policy, an inmate must be afforded some combination of notice prior to the deprivation and an opportunity to be heard. See Zinermon v. Burch, 494 U.S. 113, 126 (1990).

Plaintiff does not complain that he was denied adequate notice before his property was destroyed. He alleges that he lost the right to his hobby box and its contents after he was convicted of the disciplinary violation. He states that pursuant to "posted policy," he had an opportunity to ship the property out of the prison; however, he did not have anyone to whom he could mail the tools. [Doc. #1, p.10] Plaintiff clearly had notice, and he does not otherwise allege facts showing that his property was confiscated in violation of his constitutional right to due process.

5

*Conclusion*

For the foregoing reasons, Plaintiff's complaint fails to state a claim for which relief may be granted pursuant to 42 U.S.C. §1983. **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **DENIED and DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Thus done and signed at Alexandria, Louisiana, this 4th day of May, 2011.

JAMES D. KIRK
United States Magistrate Judge